K. Randolph Moore, Esq. SBN 106933
Tanya Levinson Moore, Esq. SBN 206683
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

Attorneys for Plaintiff
Michael Holbrook

E-FILING

Filed

JUL 2 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLBROOK, | No. |
| Plaintiff, | **Plaintiff's Complaint** |
| vs. | |
| ROBINSON OIL CORPORATION dba, ROTTEN ROBBIE #31, MISSION TRAIL OIL COMPANY, | **C V 10 - 0 3 3 3 9** HRL |
| Defendants. | |

## I.    SUMMARY

1.    This is a civil rights action by plaintiff Michael Holbrook ("Holbrook") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Rotten Robbie #31
390 Leavesley Rd.
Gilroy, CA 95020
(hereinafter "Store and Gas Station")

2.    Holbrook seeks damages, injunctive and declaratory relief, attorney fees and costs, against ROBINSON OIL CORPORATION dba ROTTEN

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

1  ROBBIE #31, MISSION TRAIL OIL COMPANY, (hereinafter referred to

2  collectively as Defendants), owners and operators of Rotten Robbie ("Store and

3  Gas Station"), pursuant to the Americans with Disabilities Act of 1990, (42

4  U.S.C. §§ 12101 et seq.) and related California statutes.

5  II.    JURISDICTION

6  3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

7  1343 for ADA claims.

8  4.    Supplemental jurisdiction for claims brought under parallel

9  California law – arising from the same nucleus of operative facts – is predicated

10  on 28 U.S.C. § 1367.

11  5.    Holbrook's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12  III.    VENUE

13  6.    All actions complained of herein take place within the jurisdiction

14  of the United States District Court, Northern District of California, and venue is

15  invoked pursuant to 28 U.S.C. § 1391(b),(c).

16  IV.    PARTIES

17  7.    Defendants own, operate, and/or lease the Store and Gas Station,

18  and consist of a person (or persons), firm, and/or corporation.

19  8.    Holbrook is quadriplegic and requires use of a wheelchair when

20  traveling about in public. Consequently, Holbrook is physically disabled as

21  defined by all applicable California and United States laws and the member of

22  the public whose rights are protected by these laws.

23  V.    FACTS

24  9.    The Store and Gas Station is a public accommodation facility/retail

25  store, open to the public, which is intended for nonresidential use and whose

26  operation affects commerce.

27

28

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

10.    Holbrook visited the Store and Gas Station and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Holbrook, the barriers at the Store and Gas Station included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Sign is not black on white.

3) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

4) Parking space access aisles are not part of an accessible route of travel to the building or facility;

5) Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

6) The sign is not located where there is an unobstructed view of the sign from the parking space;

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

7) There is no accessible route provided within the boundary of the site to an accessible building entrances from:

    a. Public transportation stops;

    b. Accessible parking spaces;

    c. Accessible passenger loading zones;

    d. Public streets and sidewalks.

8) Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

9) The minimum clear width of the accessible route is less than 36";

10) Doormats are not adequately anchored to prevent interference with wheelchair traffic;

11) Handles, pulls latches, locks and other operating devices on accessible doors don't have a shape that is easy to grasp with one hand and require tight grasping, tight pinching or twisting of the wrist to operate;

12) Drain and hot water piping is not correctly insulated or configured to prevent contact;

13) There are sharp and abrasive elements under lavatory;

14) Mirror is located above accessible lavatory and is not installed with the bottom edge of the reflective surface 40" minimum above the finish floor or ground;

15) Operable parts of all fixtures or accessories are not located a maximum of 40" above floor;

16) Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door.

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

17)     The International Symbol of Accessibility is not posted at accessible sanitary facilities;

18)     The restroom identification signage is not located on the wall adjacent to the latch side of the door;

19)     Accessible toilet facilities are not identified by the International Symbol of Accessibility (white figure on a blue ground);

20)     The stall door is not equipped with an automatic closing device;

21)     The inside and outside of the compartment door is not equipped with a loop or U-shaped handle located immediately below the latch;

22)     There are no truncated domes provide at every connection of accessible route and driveway;

23)     Directional signage to restrooms is not properly posted;

24)     Register counter is too high;

25)     Top of counter lip exceeds 40" above finished floor.

These barriers prevented Holbrook from enjoying full and equal access.

11.     Holbrook was also deterred from visiting the Store and Gas Station because he knew that the Store and Gas Station's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store and Gas Station because of the future threats of injury created by these barriers.

12.     Holbrook also encountered barriers at the Store and Gas Station, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Holbrook is seeking to remove barriers unrelated to his disability.

13.     Defendants knew that these elements and areas of the Store and Gas Station were inaccessible, violate state and federal law, and interfere with

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

1  (or deny) access to the physically disabled.  Moreover, Defendants have the
2  financial resources to remove these barriers from the Store and Gas Station
3  (without much difficulty or expense), and make the Store and Gas Station
4  accessible to the physically disabled.  To date, however, Defendants refuse to
5  either remove those barriers or seek an unreasonable hardship exemption to
6  excuse non-compliance.

7      14.   At all relevant times, Defendants have possessed and enjoyed
8  sufficient control and authority to modify the Store and Gas Station to remove
9  impediments to wheelchair access and to comply with the Americans with
10 Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendants
11 have not removed such impediments and have not modified the Store and Gas
12 Station to conform to accessibility standards.  Defendants have intentionally
13 maintained the Store and Gas Station and in its current condition and haves
14 intentionally refrained from altering the Store and Gas Station so that it
15 complies with the accessibility standards.

16     15.   Holbrook further alleges that the (continued) presence of barriers
17 at the store and gas station is so obvious as to establish Defendants
18 discriminatory intent.[1]  On information and belief, Holbrook avers that evidence
19 of this discriminatory intent includes Defendants' refusal to adhere to relevant
20 building standards; disregard for the building plans and permits issued for the
21 Store and Gas Station; conscientious decision to the architectural layout (as it
22 currently exists) at the Store and Gas Station; decision not to remove barriers
23 from the Store and Gas Station; and allowance that Defendants' property
24 continues to exist in its non-compliance state.  Holbrook further alleges, on
25 information and belief, that the Store and Gas Station is not in the midst of a
26

27  _____
    [1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6
28
    *Holbrook v. Robinson Oil Corporation, et al.*

    Plaintiff's Complaint

remodel, and that the barriers present at the Store and Gas Station are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

16.    Holbrook incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Defendants discriminated against Holbrook by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Store and Gas Station during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

---

[2] Id.; 28 C.F.R. § 36.211(b)

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

21.   Here, Holbrook alleges that Defendants can easily remove the architectural barriers at Store and Gas Station without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

23.   On information and belief, the Store and Gas Station was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24.   The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Store and Gas Station in a manner that was not readily accessible to the physically disabled public – including Holbrook – when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.   On information and belief, the Store and Gas Station was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to

1  individuals with disabilities to the maximum extent feasible. 42 U.S.C. §
2  12183(a)(2). Altering an area that contains a facility's primary function also
3  requires adding making the paths of travel, bathrooms, telephones, and drinking
4  fountains serving that area accessible to the maximum extent feasible. Id.

5      28.   Here, Defendants altered the Store and Gas Staton in a manner that
6  violated the ADA and was not readily accessible to the physically disabled
7  public – including Holbrook – to the maximum extent feasible.

8  Failure to Modify Existing Policies and Procedures

9      29.   The ADA also requires reasonable modifications in policies,
10 practices, or procedures, when necessary to afford such goods, services,
11 facilities, or accommodations to individuals with disabilities, unless the entity
12 can demonstrate that making such modifications would fundamentally alter
13 their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

14     30.   Here, Defendants violated the ADA by failing to make reasonable
15 modifications in policies, practices, or procedures at the Store and Gas Station,
16 when these modifications were necessary to afford (and would not
17 fundamentally alter the nature of) these goods, services, facilities, or
18 accommodations.

19     31.   Holbrook seeks all relief available under the ADA (i.e., injunctive
20 relief, attorney fees, costs, legal expense) for these aforementioned violations.
21 42 U.S.C. § 12205.

22     32.   Holbrook also seeks a finding from this Court (i.e., declaratory
23 relief) that Defendants violated the ADA in order to pursue damages under
24 California's Unruh Civil Rights Act or Disabled Persons Act.

25 VII.   SECOND CLAIM

26 **Disabled Persons Act**

27

28 

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing
*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

33.   Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.   Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

37.   Here, Defendants discriminated against the physically disabled public – including Holbrook – by denying them full and equal access to the Store and Gas Station.  Defendants also violated Holbrook's rights under the ADA, and therefore, infringed upon or violated (or both) Holbrook's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Holbrook seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.   THIRD CLAIM

this action as a private attorney general under either state of federal statutes.
*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

1

## Unruh Civil Rights Act

2   40.   Holbrook incorporates the allegations contained in paragraphs 1

3 through 30 for this claim.

4   41.   California Civil Code § 51 states, in part, that;  All persons within

5 the jurisdiction of this state are entitled to the full and equal accommodations,

6 advantages, facilities, privileges, or services in all business establishments of

7 every kind whatsoever.

8   42.   California Civil Code § 51.5 also states, in part that: No business

9 establishment of any kind whatsoever shall discriminate against any person in

10 this state because of the disability of the person.

11   43.   California Civil Code § 51(f) specifically incorporates (by

12 reference) an individual's rights under the ADA into the Unruh Act.

13   44.   Defendants aforementioned acts and omissions denied the

14 physically disabled public – including Holbrook – full and equal

15 accommodations, advantages, facilities, privileges and services in a business

16 establishment (because of their physical disability).

17   45.   These acts and omissions (including the ones that violate the

18 ADA) denied, aided or incited a denial, or discriminated against Holbrook by

19 violating the Unruh Act.

20   46.   Holbrook was damaged by Defendants wrongful conduct, and

21 seeks statutory minimum damages of four thousand dollars ($4,000) for each

22 offense.

23   47.   Holbrook also seeks to enjoin Defendants from violating the Unruh

24 Act (and ADA), and recover reasonable attorneys' fees and costs incurred under

25 California Civil Code § 52(a).

26

## IX. FOURTH CLAIM

27

## Denial of Full and Equal Access to Public Facilities

28

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

48.   Holbrook incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49.   Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.   Holbrook alleges the Store and Gas Station is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store and Gas Station was not exempt under Health and Safety Code § 19956.

52.   Defendants' non-compliance with these requirements at the Store and Gas Station aggrieved (or potentially aggrieved) Holbrook and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X.   PRAYER FOR RELIEF

WHEREFORE, Holbrook prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Holbrook v. Robinson Oil Corporation, et al.*

Plaintiff's Complaint

1

2   Dated: July 28, 2010                          /s/K. Randolph Moore

3                                                 K. Randolph Moore
                                                  Attorney for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    *Holbrook v. Robinson Oil Corporation, et al.*

    Plaintiff's Complaint